IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRED L. HARRIS, | § | |
| TDCJ # 652870, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-3145 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Fred L. Harris (TDCJ # 652870), seeks a writ of habeas corpus to challenge two denials of release to parole under 28 U.S.C. § 2254. The denials occurred in 2007 and 2010. The respondent has filed a motion for summary judgment [Doc. # 11], arguing that the challenge to the 2007 denial is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). The respondent further contends that Harris's claims relating to the 2010 denial should be dismissed because he fails to meet his burden of showing that the state court unreasonably denied his claims. The respondent also contends that Harris's claims of cruel and unusual punishment are not cognizable on federal habeas review. Harris has filed a reply [Doc. # 14]. After considering all of the pleadings, the state court records, and the

applicable law, the Court grants the respondent's motion and dismisses this case for the reasons that follow.

## I.      BACKGROUND

Harris is currently in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") serving a ninety-nine year sentence pursuant to a judgment of conviction for attempted capital murder. *State v. Harris*, No. 0473732A (Crim. Dist. Ct. #3, Tarrant County, Tex.).  A procedural history of the direct appeal or any collateral proceedings with regard to the conviction is not relevant to the disposition of this case because Harris does not challenge the conviction itself.  Instead, he challenges two denials of parole by the Texas Board of Pardons and Paroles [Doc. # 1, p. 6]

Harris was reviewed for parole on June 27, 2007  [Doc. # 6-22, pp. 44, 46, 49]. At that time, the Board voted to deny a parole release because Harris's record indicated that he had committed one or more violent acts indicating a conscious disregard for the lives, safety, or property of others. *Id*.  The Board also found Harris's criminal activity had elements of brutality, violence, or conscious selection of the victim's vulnerability such that Harris posed a continuing threat to public safety. *Id.*  The Board also noted that a weapon was used.  The Board then set June, 2010, for Harris's next review date for parole. *Id.* at 46.   The Board next reviewed

Harris on July 27, 2010, and again denied him release on parole for the same reasons given in the previous denial [Doc. # 6-22, pp. 44, 47, 49].

Harris filed a state application for a writ of habeas corpus challenging the parole denials by submitting a form approved by the Texas Court of Criminal Appeals, signed on May 25, 2011 [Doc. # 6-22, p. 19]. Included was a cover letter signed by Harris and dated May 26, 2011. *Id.* at 21. The habeas application was forwarded to the Texas Court of Criminal Appeals which denied it without a written order on findings of the trial court without a hearing on September 26, 2012. *Id.* at 2.

Harris now seeks a writ of habeas corpus to challenge the denials of parole under 28 U.S.C. § 2254. The federal habeas petition is dated October 17, 2012, indicating that Harris placed it in the prison mail system that day. Under the "mailbox rule," a reviewing court treats the date a *pro se* prisoner deposits his habeas corpus petition in the mail as the filing date. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

## II.   CLAIMS

Harris asserts the following claims in his habeas petition:

1.    Harris was subjected to racial prejudice because he is black and the victim was white; and

2.    Harris has been subjected to cruel and unusual punishment because the

denial of parole has caused him to suffer mental, emotional, and psychological pain [Doc. # 1, p. 6].

## III.  DISCUSSION

### A.  2007 Revocation: One-year Statute of Limitations

**Factual Predicate of Claims.–**  This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  According to the AEDPA, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d) which provides in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The Supreme Court has recognized that "AEDPA's purpose [is] to further the principles of comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *Duncan v. Walker*, 533 U.S. 167, 178 (2001). The statute of limitations found in § 2244(d)(1) "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179. The one-year limitations period applies in this action. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

The respondent moves to dismiss Harris's habeas challenge to the 2007 parole denial under 28 U.S.C. § 2244(d)(1)(D). That statutory provision has been applied to petitions which contest the results of state administrative proceedings regarding parole. *See Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) ("Subsection 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions.") (citing *Goodwin v. Dretke,* 118 F. App'x 817, 818 (5th Cir. 2004)); *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). Under that section, the limitation period

commences on the date the factual predicate of the claims could have been discovered. *Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). *See also Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *Flanagan*, at 199). Harris's state habeas court record includes a copy of the notice the Parole Board sent to Harris informing him of the decision to deny parole, dated June 14, 2007 [Doc. # 6-22, p. 46]. Consequently, the one-year limitations period commenced on June 14, 2007, because Harris was aware of or, with due diligence, should have been aware of the factual predicate of his claims on that date. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Kimbrell*, 311 F.3d at 363-64. Therefore, the limitations period for claims based on the 2007 parole denial expired on June 14, 2008, absent statutory or equitable tolling.

**Statutory Tolling.–** Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. The record shows that Harris's state application for a writ of habeas corpus was apparently surrendered to TDCJ authorities for mailing to the state district court on May 26, 2011. It is therefore considered filed on that date. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013). The state post-conviction writ does not toll the limitation clock because it was filed well after the expiration of the one-year limitation period. *Palacios v. Stephens*, 723

F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir.2000) (citing § 2244(d)(2))).

**Equitable Tolling.–**  Equitable tolling is an extraordinary remedy which is sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The Supreme Court has held that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of proof that he is entitled to equitable tolling.  *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (citing *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000)).  Harris has not alleged that he is entitled to equitable tolling; nor is there any evidence in the record which would warrant a grant of equitable tolling. He has failed to offer any facts to show what efforts he made to file a timely challenge to the 2007 parole denial and there is no indication that extraordinary circumstances prevented him from making a timely challenge. *See Mathis v. Thaler*, 616 F.3d 461, 476 (5th Cir. 2010); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004); *Melancon v.*

*Kaylo*, 259 F.3d 401, 407-08 (5th Cir. 2001).   As noted above, Harris's federal petition was filed on October 17, 2012,  more than five years after the 2007 parole denial and more than four years after the expiration of the limitations period.  His dilatoriness in pursuing his remedies does not warrant equitable tolling. *Palacios*, 723 F.3d at 608.  Therefore, Harris's claims regarding the 2007 parole denial are barred as untimely.  28  U.S.C. §  2244(d).

**B.     2010 Revocation: No Unreasonable State Court Determination**

**AEDPA Standards.–** Harris's challenge to the 2010 parole denial is subject to review under the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2254(d).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

> *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 404-08

(2000).  Under § 2254(d)(1), "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'"  *Harrington,* 131 S.Ct. at 785  (quoting *Williams v. Taylor,* 529 U.S. at 410).  An unreasonable application of clearly established federal law "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts" of a case.  *Williams,* 529 U.S. at 413.  Consequently, a state court's application of federal law may be considered reasonable even if the state court has erroneously interpreted or applied Supreme Court precedent.  *Pape v. Thaler*, 645 F.3d 281, 287 (5th Cir. 2011).

In making its determination, "a federal habeas court is authorized by Section 2254(d) to review only a state court's decision, and not the written opinion explaining that decision."  *Pondexter v. Quarterman*, 537 F.3d 511, 522 (5th Cir. 2008).  "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 131 S. Ct. at 786.

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal.

*Harrington*, 131 S. Ct. at 786.

Therefore, federal habeas relief cannot be granted if "fairminded jurists could disagree" on the correctness of the state court's decision. *Id.* (quoting *Yarborough v. Alvarado,* 541 U.S. 652, 664 (2004)).

A state court's factual determinations are presumed correct, and the petitioner "bears the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Therefore, a factual finding by the state court will not be overturned unless it has been shown to be "clearly erroneous." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

**No Right to Parole.–**   A prisoner has no federal constitutional right to be released before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979); *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998).   Under Texas law, the decision to deny parole to an eligible inmate is entirely within the parole panel's discretion.   *See* Tex. Govt. Code Ann. § 508.141 (West 2013).   Therefore, Texas law does not confer a fundamental right to parole.   *See Green v. Johnson*, 160 F.3d 1029, 1044 (5th Cir. 1998) (citing *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997)).   *See also Board of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (citing *Williams v. Briscoe,* 641 F.2d 274, 276 (5th Cir. 1981).   Because Texas prisoners have no protected liberty interest in the parole release decision proceedings, parole denials are not subject to challenges under

the due process clause. *Johnson v. Rodriguez*, 110 F.3d 299, 305, 308-09 (5th Cir.

1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29,

32 (5th Cir. 1995). *See also Brown v. Dretke*, 184 F. App'x 384, 385 (5th Cir. 2006)

(citing *Orellana,* 65 F.3d at 32). Finally, the Parole Board is authorized "to consider

any evidence that existed at the time of sentencing" when reviewing an eligible

prisoner for possible release. *Page v. U.S. Parole Commission*, 651 F.2d 1083, 1086

(5th Cir. 1981). Therefore, any facts related to the underlying offense may be subject

to review. *Id.* (citing *Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979).

**Parole Denial Not Based on Race.–** Harris contends that the Parole Board's

decision was based on the fact that he is African-American and the victim is white.

The grounds stated in the Notice of Parole Panel Decision are:

> 2D. The record indicates that the inmate committed one or more violent
> criminal acts indicating a conscious disregard for the lives, safety, or
> property of others; or the instant offense or pattern of criminal activity
> has elements of brutality, violence, or conscious selection of victim's
> vulnerability such that the inmate poses an undue threat to the public; or
> the record indicates use of a weapon.
>
> 10D. Other – institutional adjustment.

Doc. # 6-22, p. 47.

After considering the parole records and an affidavit submitted by a Parole

Board official in response to a court order regarding the state habeas application [Doc.

# 6-22, pp. 43-45], the state court determined that there was no evidence that the

Board deviated from its "prescribed guidelines" or "sound discretion." [Doc. # 6-22, p. 50].  In doing so, the court found that the Board denied parole release because:

    a.    The applicant committed one or more violent acts indicating a conscious disregard for the lives, safety, or property of others;

    b.    The instant offense or pattern of criminal activity has elements of brutality, violence, or conscious selection of [the] victim's vulnerability that the applicant poses an undue threat to the public; and

    c.    The applicant used a weapon in the offense.

*Id.* at 49, (citing Parole Board official's affidavit [Doc. # 6-22, p. 44]).

The court then concluded that Harris had presented no evidence demonstrating that the Parole Board's decision to deny him release on parole was based on racial grounds.  *Id.* at 50.  The court also concluded that Harris's due process rights were not violated by the Parole Board's decision.  *Id.*

The state court's factual findings are presumed correct and can only be rebutted by "clear and convincing" evidence.  *Register v. Thaler*, 681 F.3d 623, 629 (5th Cir. 2012); *Bridgers v. Dretke*, 431 F.3d 853, 857 (5th Cir. 2005) (citing *Bridgers v. Dretke*, 431 F.3d 853, 857 (5th Cir. 2005)).  To prove that the parole denial was racially motivated, Harris must  present evidence so compelling that it "would permit no other inference but" that the Board's decision was "the product of racially discriminatory intent or purpose."  *Wicker v. McCotter*, 798 F.2d 155, 157 (5th Cir.

1986).  He cannot rely on bald assertions to support his claim that his constitutional rights were violated by the Board's alleged racially motivated decision.  *See Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (citing *Ross v. Estelle*, 694 F.2d 1008 (5th Cir. 1983).

Harris relies on conclusory statements to establish his claim of racial discrimination.  He argues that "there is no other race or individual in the Texas prison system, that [allegedly] committed a crime against another race or people that has spent more than ½ of their life in prison, 20 plus years, for an alleged crime that happened when they were (17) years old, first offense, non-homicidal."  [Doc. # 1-1, p. 2].  He further contends that "no white, Hispanic, or any other race  [has been] treated like this, except applicant who is African-American."  *Id.*  He then concludes that the actions of the Texas Board of Pardons and Paroles are "clearly discriminatory because of applicant's race."  *Id.*  Harris's unsupported statements are insufficient to warrant relief.  *See Wicker*, 798 F.2d at 157; *Byrne v. Butler*, 845 F.2d 501, 513 (5th Cir. 1988); *Ross*, 694 F.2d at 1011-1012 ("[A] court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ... mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").  Harris has failed to demonstrate that the state court's determination was unreasonable and his claims of racial discrimination shall be dismissed.  *Smallwood*, 73 F.3d at 1350-1351.

**Claim of Cruel and Unusual Punishment not Cognizable.–** Harris complains that he has been admitted to a psychiatric facility for treatment and medication for depression because to the Board's "continued oppression" [Doc. # 1-1, p. 4]. However, Harris fails to demonstrate that the Texas court was unreasonable in rejecting this argument. The Fifth Circuit has held that the distress and psychological pain that a prisoner may suffer from the disappointment of being denied parole by the Parole Board, even for arbitrary reasons, does not amount to cruel and unusual punishment in violation of the Eighth Amendment. *Craft v. Texas Bd. of Pardons and Paroles*, 550 F.2d 1054, 1056 (5th Cir. 1977) (citing *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974). As stated above, Texas prisoners do not have a right to be released on parole before the expiration of their sentences. *Green*, 160 F.3d at 1044. Therefore, the Parole Board's decision to withhold a privilege, not a right, cannot constitute cruel and unusual punishment. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) ("Because Utah prisoners have no legitimate entitlement to parole prior to the completion of their sentence, neither the denial of parole nor the lack of enforceable parole guidelines can constitute cruel and unusual punishment, double jeopardy, or ex post facto application of the law.") (citing *Greenholtz,* 442 U.S. at 7).

Further, Harris's complaints of mental and emotional distress implicate claims regarding the conditions of his confinement. *See Cook v. Hanberry*, 596 F.2d 658,

-14-

660 (5th Cir. 1979). Such claims are actionable in civil rights proceedings under 42 U.S.C. § 1983, not habeas challenges. *Id. citing Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). A writ of habeas corpus is the proper remedy for a state inmate challenging the fact of his confinement. *Preiser*, at 484. On the other hand, if the prisoner complains about the conditions of confinement, habeas is not the proper course of action. *Id.* at 94; see *also Patton v. Jefferson Correctional Center*, 136 F.3d 458, 463-64 (5th Cir. 1998), *citing Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). Therefore, Harris fails to state a cognizable habeas claim with regard to cruel and unusual punishment, and he fails to show that the state court's rejection of his claim was unreasonable. Because Harris has failed to establish that any of his claims merit relief, the respondent is entitled to summary judgment as a matter of law and the petition must be dismissed.

## IV.   **HARRIS'S MOTIONS**

Harris has filed a motion for extension of time to respond to the respondent's motion for summary judgment [Doc. # 12]. The Court grants the motion.

Harris has filed a motion for evidentiary hearing on the basis that one is necessary to develop his allegation that he has been denied parole because he is an African American. Live hearings are generally not granted in habeas proceedings because the state court findings are presumed correct. *See Livingston v. Johnson*, 107

F.3d 297, 303 (5th Cir. 1997), *citing Baldree v. Johnson*, 99 F.3d 659 (5th Cir. 1996).

No hearing is necessary in this case because the record is complete and the evidence

in the record is sufficient to provide full review of the petitioner's claims.  *See Wilcher*

*v. Hargett*, 978 F.2d 872, 877 (5th Cir. 1992) (citing *Skillern v. Estelle*, 720 F.2d 839,

844 (5th Cir.1983)).  The motion [Doc. # 13] is denied.

Harris has also filed a motion for discovery seeking copies of his records.  A

habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to

discovery as a matter of ordinary course.   Harris is not entitled to free copies of his

records to search for possible errors merely because he is an indigent habeas litigant.

*Johnson v. Johnson*, 194 F.3d 1309, 1999 WL 767047, *1 (5th Cir. 1999) (not

selected for publication) (citing *Bonner v. Henderson,* 517 F.2d 135, 136 (5th

Cir.1975).  The motion [Doc. # 15] is denied.

## V.      CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the

AEDPA, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is

required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073,

1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255

require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522

U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute

mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898

-17-

(5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996.  In addition, it is well established that the granting of parole is left to the discretion of the Texas Board of Pardons and Paroles.  The Court concludes that reasonable jurists would not debate whether the petition should have been resolved in a different manner.  Likewise, the Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim of the denial of a constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## VI.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.     The petitioner's motion for extension of time [Doc. # 12] is **GRANTED**.

2.     The respondent's motion to dismiss [Doc. # 11] is **GRANTED**.

3.     The petition for a federal writ of habeas corpus challenging a state court decision under 28  U.S.C. §  2254 [Doc. # 1] is **DISMISSED** with prejudice.

4.     All other motions [Docs. # 13, and # 15] are **DENIED**.

5.     A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>November 12</u>, 2013.

Nancy F. Atlas
United States District Judge